**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JESUS ANTONIO HERNANDEZ, #08996-032**                           **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 5:13cv19-DCB-MTP**

**M. MARTIN, WARDEN,**
**FEDERAL CORRECTIONAL COMPLEX,**
**YAZOO CITY, MISSISSIPPI**                                       **RESPONDENT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the *pro se* Petition [1] and Amended Petition [4][1] of Jesus Antonio Hernandez for a writ of habeas corpus filed under 28 U.S.C. § 2241. Also before the Court is Respondent's Motion for Change of Venue [10]. Having considered the petitions, the answer, the motion, the responses, all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition [1] and Amended Petition [4] should be dismissed for lack of jurisdiction. The undersigned further recommends that Respondent's Motion for Change of Venue [10] be denied as moot.

**BACKGROUND**

On or about August 12, 2005, Petitioner Jesus Antonio Hernandez was convicted, after a guilty plea in the United States District Court for the Eastern District of Kentucky, of (1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and (2) conspiracy to transport funds and to engage in financial transactions in criminally derived property, greater than $10,000 in violation of 18 U.S.C. § 1956(h). (Response [9] Ex. 1: Judgment in the Eastern

---

[1] Petitioner Hernandez was required under Order [2] to file a Section 2241 form petition (Amended Petition) to correct deficiencies in the original Petition. Accordingly, the Petition and Amended Petition, read together, form Petitioner Hernandez's claim.

1

District of Kentucky.)  Petitioner was sentenced to a 327-month term of imprisonment for the former offense and a 240-month term for the latter offense. (Resp. Ex. 1.)  Petitioner must serve these terms concurrently, producing a total term of 327 months. (Resp. Ex. 1.)  Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, and on January 17, 2007, the Sixth Circuit affirmed the judgment of the district court. *See United States v. Hernandez*, 213 Fed. App'x. 457 (6th Cir. 2007).

Petitioner filed a Motion for Resentencing or Alternatively for Withdrawal of Guilty Plea in the District Court for the Eastern District of Kentucky, and on August 13, 2012, the district court denied the Motion. (Resp. Ex. 4.)  Petitioner claimed that his trial counsel was ineffective, but the district court held that such a claim should have been raised in a 28 U.S.C. § 2255 motion. (Resp. Ex. 4.)  Petitioner, however, did not file a Section 2255 motion.[2]

Instead, on February 11, 2013, Petitioner filed the 28 U.S.C. § 2241 Petition now pending before this Court,[3] claiming that he is actually innocent of conspiring to transport funds and engaging in financial transactions in criminally derived property, greater than $10,000 in violation of 18 U.S.C. § 1956(h) ("money laundering") and claiming that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence. (Petition [1].)  Respondent filed a Response [9] arguing, in part, that this Court lacks jurisdiction to review the Section 2241

---

[2] In its Opinion and Order, the sentencing district court indicated that Petitioner had not filed a Section 2255 motion. (Resp. Ex. 4.)  The undersigned has reviewed the docket in Petitioner's case before the Eastern District of Kentucky and also found no reference to any Section 2255 motion filed by Petitioner. *See United States v. Hernandez*, No. 6:04-cr-32-1 (E.D. Ky. filed April 2, 2004).

[3] Petitioner is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, and his projected release date is June 19, 2028. http://bop.gov/iloc2/InmateFinder Servlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=08996-032 &x=76&y=18 (last visited Sept. 17, 2013).

Petition because Petitioner cannot proceed pursuant to Section 2255's savings clause.[4]

## ANALYSIS

The general rule is that a challenge to the validity of a sentence must be pursued in a Section 2255 motion, not a Section 2241 petition. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred before or during sentencing." (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990))). Petitioner's sentencing court, the United States District Court for the Eastern District of Kentucky, would be the appropriate court in which to file such a motion, not this Court. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

There is, however, a "back door" to Section 2255 known as the "savings clause" which allows a Section 2241 petition under certain limited circumstances.[5] This savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). Thus, "a section 2241 petition that seeks to challenge a

---

[4] Petitioner argues that the Response was untimely filed and, therefore, should be stricken. However, pursuant to the Order Requiring Respondent to Answer [5] (which required a response within twenty days of the *service of a copy of the Order*) and the Acknowledgment of Service (which evinces a service date of March 6, 2013), Respondent timely filed the Response on March 26, 2013.

[5] This Court, as Petitioner's custodial court, has jurisdiction to determine whether Petitioner's claim is properly brought under Section 2241 via the savings clause of Section 2255. *Padilla*, 416 F.3d at 426 (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citations omitted).

The "inadequacy or inefficacy requirement is stringent." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A Section 2241 petition is not a substitute for a Section 2255 motion, and Petitioner bears the heavy burden of establishing the inadequateness or ineffectiveness of the Section 2255 remedy. *Pack*, 218 F.3d at 452. Courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Pack*, 218 F.3d at 452 (citation omitted).

To satisfy the requirements of the savings clause, Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in [P]etitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the [P]etitioner may have been convicted of a nonexistent offense" or, in other words, the Petitioner may be actually innocent. *Reyes-Requena*, 243 F.3d at 904.

The first requirement is that Petitioner raise a claim based on a retroactively applicable Supreme Court decision. The Petitioner points to *Cuellar v. United States*, 553 U.S. 550 (2008), which modified the definition of money laundering under 18 U.S.C. § 1956, by reversing the Fifth Circuit and holding that the statute cannot be satisfied with proof that a defendant merely hid funds during transportation. After *Cuellar*, 18 U.S.C. § 1956 requires proof that the defendant knew the funds represented the proceeds of some form of unlawful activity and also requires proof that the transportation was designed to conceal or disguise the nature, location,

4

source, ownership, or control of the funds.[6]

In *Cuellar*, the Supreme Court created a new interpretation of Section 1956, and the Sixth Circuit, where Petitioner was sentenced, has held that the new rights set forth in *Cuellar* "apply retroactively to otherwise timely § 2255 motions." *Jamieson v. United States*, 692 F.3d 435, 439 (6th Cir. 2012).[7] Accordingly, Petitioner's claim is based on a retroactively applicable Supreme Court decision. Petitioner satisfied the first requisite under the savings clause.

The undersigned must now determine whether Petitioner's claim was previously foreclosed by circuit law when it should have been raised in his trial, on appeal, or in his first Section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Petitioner's Section 2241 Petition will not be entertained unless a Section 2255 motion would be inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

Petitioner's "first recourse on collateral review is the initial § 2255 motion . . . ." *Reyes-Requena*, 243 F.3d at 904. Petitioner, however, has not filed a Section 2255 motion. Petitioner filed a Motion for Resentencing or Alternatively for Withdrawal of Guilty Plea with the sentencing court, but that court did not treat the motion as a Section 2255 motion. (Resp. Ex. 4.) In fact, the sentencing court held that Petitioner's claim should have been raised in a Section

---

[6] In *Cuellar*, the Supreme Court dealt with the international transportation of proceeds portion of Section 1956, but the terms examined by the Court are also found in the portion of Section 1956 under which Petitioner was convicted. 553 U.S. at 561-65.

[7] Similarly, the Fifth Circuit has held that "new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively . . . ." *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

2255 motion,[8] but Petitioner did not file a Section 2255 motion, choosing instead to file the Section 2241 Petition pending before this Court. (Resp. Ex. 4.)

Petitioner relies on the Fifth Circuit's discussion in *Garland* regarding the foreclosure of a petitioner's claim prior to a retroactive Supreme Court decision. *See Garland*, 615 F.3d at 397-98. The petitioner in *Garland*, however, filed Section 2255 motions prior to filing his Section 2241 petition. *Id*. at 396. Any additional Section 2255 motions filed by Petitioner Garland–even after a retroactively applicable Supreme Court decision–would have been foreclosed by the "successive petition" provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[9]

When Petitioner Garland filed his first motion for habeas relief, the relevant criminal statute had not yet been defined by the Supreme Court. *Id*. at 396. The retroactively applicable Supreme Court decision at issue in *Garland* did not create a new rule of *constitutional law* which would have allowed a successive Section 2255 motion under the AEDPA. Therefore, Petitioner

---

[8] The sentencing court mentioned that a Section 2255 motion may be time barred under Section 2255(f)'s one-year limitations period absent tolling, but the court did not address the issue because it was not before the court at that time. (Resp. Ex. 4.)

[9] The AEDPA, 28 U.S.C. § 2255(h), provides as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Garland's only viable method of recourse following the new interpretation of the criminal statute was a Section 2241 petition. *Id*. at 396-98. *Garland* does not stand for the proposition that a Section 2255 motion may be bypassed even where such a motion would effectively and adequately test the legality of a petitioner's detention.

Petitioner Hernandez has not met his heavy burden of establishing that a Section 2255 motion would be inadequate or ineffective to test the legality of his detention. *See Pack*, 218 F.3d at 452. *Cuellar* is retroactively applicable in the Sixth Circuit. *See Jamieson*, 692 F.3d at 439. Petitioner has failed to explain what, if anything, precluded him from filing a Section 2255 motion in the sentencing district court challenging his detention based on the holding in *Cuellar*. Petitioner has not demonstrated why the sentencing district court could not address the effects of the *Cuellar* decision on Petitioner's detention.[10] Petitioner failed to demonstrate that his claims were foreclosed when they should or could have been raised in a Section 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. The AEDPA did not preclude Petitioner from filing a Section 2255 motion because it would have been Petitioner's first Section 2255 motion. *See* 28 U.S.C. § 2255(h).

The Section 2241 Petition should "not be entertained" by this Court because Petitioner "has failed to apply for relief, by motion, to the court which sentenced him" and has failed to

---

[10] Petitioner may face a timeliness issue with his Section 2255 motion, absent tolling, due to Section 2255(f)'s one-year limitations period. That issue, however, is not before this Court. Likewise, the timeliness of a Section 2255 motion has not been addressed by the sentencing court. That court declined to weigh in on the issue as no Section 2255 has been filed. (Resp. Ex. 4.) Additionally, the untimeliness of a Section 2255 motion does not render the motion inadequate or ineffective as it relates to the savings clause. Procedural barriers, without more, do not establish inadequacy or inefficacy. *Reyes-Requena*, 243 F.3d at 902 (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997)).

demonstrate that "the remedy by [Section 2255] motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).  A Section 2255 motion is the proper means of attacking Petitioner's detention. *Cox*, 911 F.2d at 1113.  A Section 2241 petition "'is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255.'" *Pack*, 218 F.3d at 452 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Because Petitioner has not demonstrated that he was foreclosed from filing a Section 2255 motion, it is unnecessary for the undersigned to address the actual innocence requirement of Section 2255's savings clause; therefore, the undersigned declines to do so.

This Court is without jurisdiction to consider the Section 2241 Petition.  Because the undersigned did not reach the merits of Petitioner's claim, the undersigned recommends the Petition [1] and Amended Petition [4] be dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice regarding all other issues.  Furthermore, because this Court is without jurisdiction to consider the Section 2241 Petition, Respondent's Motion for Change of Venue [10] is moot.  Accordingly, the undersigned recommends that Respondent's Motion for Change of Venue [10] be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends:

1. Jesus Antonio Hernandez's Petition for Writ of Habeas Corpus [1] and Amended Petition for Writ of Habeas Coepus [4] be dismissed with prejudice regarding the jurisdictional issue and dismissed without prejudice regarding all other issues and

2. Respondent's Motion for Change of Venue [10] be denied as moot.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of September, 2013.

s/ Michael T. Parker
United States Magistrate Judge
