```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

JESUS ANTONIO HERNANDEZ, #08996-032                        PETITIONER

VS.                             CIVIL ACTION NO. 5:13-cv-19(DCB)(MTP)

M. MARTIN, WARDEN,
FEDERAL CORRECTIONAL COMPLEX,
YAZOO CITY, MISSISSIPPI                                     RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the petitioner's Objection (docket entry 16) to the Report and Recommendation **(docket entry 15)** of Magistrate Judge Michael T. Parker.  Also before the Court is the respondent's motion for change of venue **(docket entry 10)**.

On or about August 12, 2005, the petitioner, Jesus Antonio Hernandez, was convicted, after a guilty plea in the United States District Court for the Eastern District of Kentucky, of (1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, and (2) conspiracy to transport funds and to engage in financial transactions in criminally derived property, greater than $10,000 in violation of 18 U.S.C. § 1956(h).  Hernandez was sentenced to a 327-month term of imprisonment for the former offense and a 240-month term for the latter offense, to be served concurrently.  The petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, and on January 17, 2007, the Sixth Circuit affirmed the judgment of the district court.  See United States v. Hernandez, 213 Fed.Appx. 457 (6th Cir.

2007).  The petitioner filed a Motion for Resentencing or Alternatively for Withdrawal of Guilty Plea in the District Court for the Eastern District of Kentucky, and on August 13, 2012, the district court denied the Motion.  Hernandez claimed that his trial counsel was ineffective, but the district court held that such a claim should have been raised in a 28 U.S.C. § 2255 motion.  The petitioner, however, did not file a Section 2255 motion.  Instead, on February 11, 2013, he filed the 28 U.S.C. § 2241 Petition now pending before this Court, claiming that he is actually innocent of conspiring to transport funds and engaging in financial transactions in criminally derived property, greater than $10,000 in violation of 18 U.S.C. § 1956(h) ("money laundering") and claiming that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence.  The respondent filed a Response arguing, in part, that this Court lacks jurisdiction to review the Section 2241 Petition because the petitioner cannot proceed pursuant to Section 2255's savings clause.

The general rule is that a challenge to the validity of a sentence must be pursued in a Section 2255 motion, not a Section 2241 petition.  See Pack v. Yusuff, 218 F.3d 448, 451-52 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."); Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997)("28 U.S.C. § 2255, not § 2241, is the proper means of

2

attacking errors that occurred before or during sentencing."). The petitioner's sentencing court, the United States District Court for the Eastern District of Kentucky, would be the appropriate court in which to file such a motion, not this Court. See <u>Padilla v. United States</u>, 416 F.3d 424, 425 (5th Cir. 2005). There is, however, a "back door" to Section 2255 known as the "savings clause" which allows a Section 2241 petition under certain limited circumstances.

In his Report and Recommendation, Magistrate Judge Parker thoroughly discusses the requirements of the "savings clause," beginning with the requirement that a Section 2241 petition when used instead of a Section 2255 petition may only be entertained when the remedy provided for in Section 2255 is inadequate or ineffective. The well-reasoned Report and Recommendation concludes that Hernandez has not shown that a Section 2255 motion would be inadequate or ineffective to test the legality of his detention, and that he has failed to explain why he did not file a Section 2255 in the sentencing court.

The Court agrees with Magistrate Judge Parker's Report and Recommendation, and adopts the findings and conclusions therein as its own. The Court is without jurisdiction to consider the Section 2241 petition. Because the Court does not reach the merits of the petitioner's claim, the Petition and Amended Petition shall be dismissed with prejudice regarding the jurisdictional issue, and without prejudice regarding all other issues. Furthermore, because

this Court lacks jurisdiction, the respondent's motion for change of venue is moot.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 15)** of Magistrate Judge Michael T. Parker is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that respondent's motion for change of venue **(docket entry 10)** is MOOT;

FURTHER ORDERED that the Petition and Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 are DENIED with prejudice for lack of jurisdiction, and DENIED without prejudice as to all other issues.

A final judgment in accordance with this Order will be issued this date.

SO ORDERED, this the 13th day of December, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE